UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. JOHN DOE, RELATOR,<br><br>            Plaintiffs,<br><br>      v.<br><br>BIOTRONIK, INC., et al.,<br><br>            Defendants. | No. 2:09-cv-3617-KJM-EFB (CLOSED) |
| BIOTRONIK, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>BRIAN SANT,<br><br>            Defendant. | No. 2:16-cv-01632-MCE-GGH<br><br>**RELATED CASE ORDER** |

/////

/////

/////

1

Examination of the above-captioned actions reveals they are not related within the meaning of Local Rule 123(a). Local Rule 123(a) provides that:

> An action is related to another . . . when
>
> (1) both actions involve the same parties and are based on the same or a similar claim;
>
> (2) both actions involve the same property, transaction, or event;
>
> (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or
>
> (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.

On December 31, 2009, Biotronik, Inc.'s former employee, Brian Sant, filed a *qui tam* action, alleging, among other things, that Biotronik violated the federal False Claims Act, 31 U.S.C. §3729 *et seq.*, and certain state statutes by providing monetary and other incentives for physicians to use Biotronik devices. *U.S. ex rel. John Doe v. Biotronik, Inc.*, Case No. 2:09-cv-3617-KJM-EFB (E.D. Cal. filed Dec. 31, 2009) ("*Biotronik I*"). On May 28, 2014, Sant, the United States, and Nevada filed a stipulation for dismissal, which provided that the dismissal was "in accordance with the terms and conditions of the respective Settlement Agreements," and that the dismissal was with prejudice as to Sant. *Biotronik I*, ECF No. 64. On June 5, 2014, the undersigned approved the parties' stipulation and dismissed the action with prejudice as to Sant. *Id.*, ECF No. 69. On June 6, 2014, judgment was entered and the case was closed. *Id.*, ECF No. 70. The undersigned subsequently resolved requests to seal and a motion for attorneys' fees. *See id.*, ECF Nos. 76, 77, 160, 171, 172.

Earlier this year, Biotronik was served with a complaint that was filed by Sant in California state court in 2011, Case No. 34-2011-00098562 (Sacramento Cty. Super. Ct. filed Mar. 2, 2011). *See Biotronik v. Sant*, Case No. 2:16-cv-01632-MCE-GGH (E.D. Cal. filed July 15, 2016) ("*Biotronik II*"), ECF No. 1. The state court complaint makes similar allegations as does the complaint in *Biotronik I*, that Biotronik provided kickbacks to physicians to use its

devices, but seeks relief under California's Insurance Fraud Prevention Act. *Id.* Ex. 2 (state court complaint). On July 15, 2016, Biotronik filed an action in federal court, *Biotronik II*, alleging Sant released the claims he is pursuing in state court in the *Biotronik I* settlement agreement and breached the settlement agreement by pursuing those claims. *Id.*, ECF No. 1.

Biotronik now seeks to relate *Biotronik II* to *Biotronik I*. *Id.*, ECF No. 4. Biotronik argues it would likely effect a substantial savings of judicial effort to relate the two cases, because the undersigned dismissed *Biotronik I* in accordance with the terms of the parties' settlement agreement. *Id.* The court disagrees. Although both actions involve Biotronik and Sant, they are based on different claims, arise from different events, and involve different questions of fact and law. *Biotronik I* involved allegations that Biotronik provided kickbacks to physicians in violation of the False Claims Act and certain state statutes, whereas *Biotronik II* involves allegations that Sant breached a settlement agreement with Biotronik. The fact that the undersigned was presiding over the action in *Biotronik I* at the time the settlement agreement was signed does not alone justify relation of the two cases. The court finds it is not likely reassignment of *Biotronik II* to the undersigned would effect a substantial savings of judicial effort or prevent substantial duplication of labor. Accordingly, the case of *Biotronik II*, Case No. 2:16-cv-01632-MCE-GGH, is not related to the case of *Biotronik I*, Case No. 2:09-cv-3617-KJM-EFB, within the meaning of Local Rule 123(a), and the court does not reassign it.

IT IS SO ORDERED.

DATED: August 1, 2016.

_____
UNITED STATES DISTRICT JUDGE